IN THE DISTRICT COURT OF CLEVELAND COUNTY
STATE OF OKLAHOMA

STATE OF OKLAHOMA } S.S.
CLEVELAND COUNTY

FILED

MAY 26 2017

In the office of the
Court Clerk MARILYN WILLIAMS

| | |
|---|---|
| WILLIAM AND DANIELLE REESE, INDIVIDUALLY AND AS PARENTS AND NEXT FRIEND OF ( N.R.) A MINOR CHILD, | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. CJ-2017-657-V ) |
| MOORE PUBLIC SCHOOLS AN INDEPENDENT SCHOOL DISTRICT, CLEVELAND COUNTY OKLAHOMA | ) ) ) ) |
| Defendant. | ) ) |

## PETITION

**COME NOW** the Plaintiffs, William and Danielle Reece individually and as parents and next friend of (N.R.) a minor child, by and through their attorney Steven W. Crow, of Delluomo and Crow P.A., and Laurie Miller of Miller Law Firm, and for their cause of action over and against the Defendant, Moore Public Schools an Independent School District, alleges and states as follows:

## JURISDICTION

1. That William and Dannielle Reese and their minor child (N.R.) are residents of Cleveland County, State of Oklahoma.

2. That Moore Public Schools is an Independent School District, in Cleveland County and is a Public School District created under the Constitution of the State of Oklahoma.

3. That in September 2016 the defendant was placed on statutory notice by the Plaintiff of the Tort Claim. The 90 days elapsed and that the claim was deemed denied by statute. That the

Plaintiff's have filed suit within 180 days of that denial.

## COUNT I

### Negligent violation of Title 51 O.S. Section 155(35)

### And Title 21 O.S. 8Section 844 and 643.

4. That on or about December 14th, 2015 the Defendant's employee Ronda Branum, during the scope of her employment, owed a duty of care which required her to provide proper and adequate discipline for minor Plaintiff. That pursuant to Title 51 O.S. Section 155(35) the employee was required to use necessary and reasonable force and without excessive force.

5. That on or about December 14th, 2015, the Defendant's employee, Ronda Branum, while acting within the scope of their employment, breached the aforementioned duty by failing to provide proper and adequate disciplinary measures for the minor Plaintiff. These actions were in violation of Title 51 O.S. 155(35) and were the use of unnecessary and unreasonable force and were excessive in force in violation of the aforementioned statute. In addition, the acts of the teacher were in excess of ordinary force allowed under Title 21 O.S. Section 844 and Section 643.

6. That as a direct cause of Defendant's employees breach of duty and negligent acts to the Plaintiff, (N.R), a minor child was injured and has sustained mental and physical pain and suffering; Plaintiff has incurred medical bills and will incur future medical bills; Plaintiff has sustained, permanent emotional injuries and loss of enjoyment of life all caused by the negligence of the Defendant and all to the detriment of the Plaintiffs each of them.

**WHEREFORE**, premises considered, (N.R.) a minor child prays for judgment against the Defendant, Moore Public School for damages in a sum less than 75,000.00 but greater that $10,000.00, together with interest thereon, the costs of this action, a reasonable attorney fee, and

such other relief as this Court may deem just and proper.

## COUNT II

## VIOLATION OF 34 C.F.R. SECTION 300.513(a)

## ALSO KNOWN AS "FAPE"

Come now the Plaintiffs and re-alleges and readopts each and every allegation set forth above as if specifically pled herein below and in addition states as follows:

7. That (D.R) a minor child was eligible and in need of an IEP (individual educational plan) and the Defendant Moore Public Schools failed to identify, recommend and implement a IEP for the Plaintiff (D.R) despite overwhelming evidence which they had acquired and were aware after a long period on evaluation that Plaintiff (D.R) was in need of an IEP.

8. That Prior to the incident described above the Plaintiff was eligible for special education and related services under the Individuals with Disabilities Education Act, 20 U.S.C. Section 1400 et. seq. (the "IDEA").

9. That as a direct result of the failure of the Defendant to create the IEP the Plaintiff, (D.R.) has been impeded in his right to receive "FAPE. The Plaintiffs William and Danielle Reese have been significantly impeded in the opportunity to participate in the decision -making process regarding their son's education. The actions of the Defendant have resulted in a deprivation of educational benefit to the Plaintiff (D.R.) to which he is entitled to compensation from the District.

**WHEREFORE**, premises considered, (N.R.) a minor child prays for judgment against the Defendant, Moore Public School for damages in a sum less than 75,000.00 but greater than $10,000.00, together with interest thereon, the costs of this action, a reasonable attorney fee, and such other relief as this Court may deem just and proper.

## COUNT III

### GENERAL NEGLIGENCE

Come now the Plaintiffs and re-alleges and readopt each and every allegation set forth above and as if specifically pled herein below and in addition states as follows:

10. That the Defendant owed a duty of care to the Plaintiffs, William and Danielle Reese which required them to advise the care givers of Falcon Landing, the paid before school program, that the Plaintiff (D.R.) a minor child had a long history of behavioral problems and suffered from conditions which if provoked could cause a violent reaction.

11. That the Defendant breached the aforementioned duty, by failing to advise the Falcon Landing care givers of the Plaintiff's (D.R.) behavioral issues. This breach resulted in a confrontation method which was sure to insight a violent response. This further resulted in juvenile criminal charges file. The school continued to pursue criminal charges even though they knew they were a result of a behavioral condition of the Plaintiff (D.R). In addition, it resulted in the Plaintiff (D.R.) missing significant amounts of school. These experiences caused emotional stress and anguish and other damages to the Plaintiff parents and (D.R..) a minor

**WHEREFORE,** premises considered the Plaintiffs, each of them pray for judgment against the Defendant in an amount in excess of Ten Thousand Dollars ($10,000.00) plus interest, attorney fees and any additional relief that the Court may deem just and proper.

Respectfully submitted,

By: /s/ Steven W. Crow
**DANIEL M. DELLUOMO**, OBA #11810
**STEVEN W. CROW**, OBA #15676
6812 N. Robinson Ave.
Oklahoma City, Oklahoma   73116
(405) 843-0400
(405) 843-5005 (fax)
**ATTORNEYS FOR PLAINTIFF**

And

**Laurie Miller** OBA #19681
**Miller Law Firm**
6812 N. Robinson Ave.
Oklahoma City, OK 73116
(405) 310-6133
(405) 843-5005
**ATTORNEY FOR THE PLAINTIFF**

**ATTORNEYS LIEN CLAIMED**